UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CORNELIUS L. KING**                                                                                          **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 1:21-CV-P69-GNS**

**STEPHEN HARMON** *et al.*                                                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner civil-rights action brought by Plaintiff Cornelius L. King pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the amended complaint (DN 15) pursuant to 28 U.S.C. § 1915A.[1] For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

### I.

In the amended complaint, Plaintiff indicates that he was previously incarcerated at the Warren County Regional Jail (WCRJ) as a pretrial detainee. He names as Defendants WCRJ Stephen Harmon, who he identifies as the WCRJ Deputy Jailer; the "Warren County Regional Commonwealth"; Deputy Marrissa; Deputy Mr. Cooper; Deputy Deidre; and the WCRJ "Medical Department." Plaintiff sues Defendants Harmon, Marrissa, Cooper, and Deidre in their individual capacities only.

Plaintiff makes the following allegations:

Officer Marrissa was the officer who prevoked the Situation and Officer Mr. Cooper and Officer Deidre and all this misconduct took place on the watch of Steve Harmon and Warren County Commonwealth, April the 4th a situation took place were a inmate that was convicted of murder charged at me with a sharpe pencil that I was in the unit with Unit A-8 and this took place on camera in the center of the unit. Him and the other inmate went to the hole and the inmate as they were taking him out he was telling them, "It ain't over." Well when the individual was released from segregation they placed him back in the unit. The staff members listed above.

---

[1] By prior Order, the Court directed Plaintiff to file an amended complaint which would supersede (*i.e.*, replace) the original complaint (DN 12).

He returned back in the unit and we got in a bad altercation were I was injured. The inmate attacked me as he did other Inmates closed the door so that I could not get away placing me in even more Danger. They were already aware of the previous situation that's why they said I didn't go to the hole the first time. Because they said I did nothin wrong. They could have prevented this situation by not placing him back in the unit with me 2 days later on April the 6th. Afterward, they took pictures of my hand took me to medical were the Nurse refuse to treat me saying, He'll live.

Plaintiff concludes his allegations by stating, "And then then they through me in the hole and left me for like a month in a half."

As relief, Plaintiff requests damages and release from incarceration.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare

assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendants "Warren County Regional Commonwealth" and WCRJ "Medical Department"

The Court construes Plaintiff's claim against "Warren County Regional Commonwealth" as a claim against Warren County. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the amended complaint indicate that any alleged wrongdoing occurred as a result of a policy or custom implemented or endorsed by Warren County. Indeed, the amended complaint appears to allege isolated occurrences affecting only Plaintiff. Thus, Plaintiff's claim against "Warren County Regional Commonwealth" will be dismissed for failure to state a claim upon which relief may be granted.

The Court will also dismiss Plaintiff's claim against the WCRJ "Medical Department" because a jail or prison department is not a "person" within the meaning of § 1983. *See, e.g.*, *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350 (6th Cir. 2006) (holding that a state prison's medical department is not a "person" under § 1983).

### B. Defendant Harmon

Although Plaintiff indicates that Defendant Harmon is the Deputy Jailer at WCRJ, the Court takes judicial notice that he is actually the WCRJ Jailer.[2] The Court construes the amended complaint as an attempt to hold Defendant Harmon liable based on his role as the supervisor of the WCRJ. However, "[r]espondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id*. (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Because Defendant Harmon cannot be held liable based solely on his supervisory role at the WCRJ, the amended complaint fails to state a claim against him upon which relief may be granted.

### C. Defendant Deputies Marrissa, Cooper, and Deidre

Upon review of the amended complaint, <u>the Court will allow Fourteenth Amendment claims for deliberate indifference to Plaintiff's safety to proceed against Defendant Deputies Marrissa, Cooper, and Deidre</u>.[3] In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

---

[2] *See* http://www.warrencountyjail.com.
[3] While the Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, the Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)).

The Court next considers whether Plaintiff has stated Fourteenth Amendment due process claims against these Defendants for placing him in the "hole . . . for like a month in a half." To determine whether segregation of an inmate from the general prison or jail population involves the deprivation of a liberty interest protected by the Due Process Clause of the Fourteenth Amendment, the Court must determine if the segregation imposes an "'atypical and significant' hardship on the inmate 'in relation to the ordinary incidents of prison life.'" *Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Under various circumstances, courts have found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See, e.g.*, *Jones*, 155 F.3d at 812-13 (holding that two years of segregation while inmate was investigated for murder of prison guard in riot did not implicate a liberty interest entitling him to due process); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (concluding that more than a year in administrative segregation did not implicate inmate's due process rights); *Webb v. Bucholtz*, No. 1:20-cv-1036, 2021 U.S. Dist. LEXIS 39326, at *4-7 (W.D. Mich. Mar. 3, 2021) (holding that pretrial detainee's ten-month placement in segregation failed to implicate a liberty interest entitling him to due process); *cf. Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's eight-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process").

In light of this jurisprudence, the Court concludes that Plaintiff has failed to state a due process claim against Defendant Deputies Marrissa, Cooper, and Deidre for his placement in the "hole" for less than two months.

**D. Release from Incarceration**

Finally, to the extent that Plaintiff requests release from incarceration, the Court observes that such relief is not available in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Therefore, Plaintiff's request for release must be dismissed for failure to state a claim.

**IV.**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claim based upon his placement in the "hole" and his request for release from incarceration are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Harmon, "Warren County Regional Commonwealth," and the WCRJ "Medical Department," are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to terminate these Defendants as parties to this action.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: October 14, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
 Warren County Attorney
4416.011